**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Glow Hospitality, LLC,

        Debtor.

Case No. 21-60102
Chapter 11 Case

---

**OBJECTION TO RENEWED MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL ON A PRELIMINARY AND FINAL BASIS**

---

      Pender East Credit 1 REIT LLC and Pender Capital Asset Based Lending Fund I LP (collectively, "Pender Capital"), by and through counsel, hereby objects to the *Motion for (I) Expedited Relief and (II) An Order Authorizing Use of Case Collateral on a Preliminary and Final Basis* (the "Motion") filed by Glow Hospitality, LLC (the "Debtor") [ECF 28].

      Debtor has Defaulted under the Stipulation for Interim Use of Cash Collateral

      Pender Capital and Debtor entered into a Stipulation for Interim Use of Cash Collateral filed on March 31, 2021 (the "Stipulation") [Doc. 40]. This Court entered an Order approving the Stipulation on March 31, 2021 [Doc 44]. On April 8, 2021, Pender Capital sent a notice of default to the Debtor pursuant to paragraph 12 of the Stipulation, demanding a cure of 13 Events of Default under paragraphs 2 and 4(b)-(g), (j), (l)-(p) of the Stipulation. Debtor must cure or contest such Events of Default by April 15, 2021.

      Counsel for Pender has met and conferred with the Debtor's counsel about the aforementioned defaults and what would constitute an acceptable cure of such defaults. Pender's counsel has also reiterated that its consent to use cash collateral was expressly conditioned upon the Debtor's promise to comply with the proposed budget and the requirements set forth in

1

paragraph 4 of the Stipulation. But failing such a cure, under paragraph 12 of the Stipulation, the Debtor expressly agreed: "If the Debtor fails to cure or contest within five (5) days, Pender shall be entitled to file an Affidavit of Default and the Debtor agrees the Bankruptcy Court shall enter an order terminating the automatic stay as to Pender and the Collateral." Such an order could be entered on April 20, 2021, thereby rendering moot the Debtor's Motion.

<u>Pender Capital's Interest in Cash Collateral is not Adequately Protected by Replacement Liens</u>

1. The Debtor operates a hotel currently known as the "Hotel Bemidji" located in Bemidji, Minnesota (the "<u>Hotel</u>"). Substantially all of the Debtor's revenue is "room revenue", as opposed to restaurant or bar revenue. [ECF 5, Exhibit C]

2. Pender Capital filed a proof of claim against the Debtor on March 26, 2021 for $4,157,193.07. Its claim is secured by a first priority mortgage, assignment of rents, security agreement and fixture filing dated June 24, 2019 and recorded in Beltrami County, Minnesota on July 1, 2021 (the "<u>Mortgage and Assignment of Rents</u>"). [ECF 21, Exhibit C]

3. A Minnesota state court entered an order confirming the validity and priority of Pender Capital's mortgage and security interests on February 23, 2021. Stanley Declaration at ¶3. [ECF 33]

4. Under the Mortgage and Assignment, the Debtor made a prepetition pledge to Pender Capital of not only the building and land, but also in the following "Property":

> (e) ***all income, profits and revenue from any business conducted on the Property***, and all income, proceeds, royalties, rents, issues, revenues and profits from the Leases, including all prepaid rent thereunder, all proceeds derived from the termination or rejection of any Lease in a bankruptcy or other insolvency proceeding, all proceeds from any rights and claims of any kind which Borrower may have against any tenant under the Leases or any occupants of the property, and all proceeds payable under any policy of insurance covering loss of rents (all of the above are hereafter collectively referred to as the "**Rents**")

2

…

    (f) any and all rights of Borrower in any and all ***accounts, rights to payment***, contract rights, chattel paper, documents, instruments, licenses, contracts, agreements and ***general intangibles*** relating to any of the Property;

…

    (n) all additions, accessions, replacements, products, substitutions, and ***proceeds*** of any of the foregoing.

*See* Mortgage and Assignment of Rents, ¶ 2 (emphasis added); [ECF 21, Exhibit C].

    5.    Under Minnesota law, Pender Capital perfected its security interest in this revenue stream when it recorded the Mortgage and Assignment. Under Minnesota law, a prepetition assignment of hotel room revenue creates an interest in real estate, which is perfected by the Mortgage and Assignment of Rents. In re Mid-City Hotel Associates, 114 B.R. 634, 644 (Bkr. D. Minn. 1990); In re Pavillion Place Associates, 89 B.R. 36, 39 (Bankr. Minn. 1988) (post-petition rents are cash collateral if perfected by the valid recording of a mortgage document).

    6.    Pender Capital also perfected its security interest in the revenue stream when it filed a Financing Statement with the Minnesota Secretary of State's Office on July 2, 2019. [ECF 21, Exhibit D] The Financing Statement provides:

> All assets and personal property of the Debtor wherever located and whether now or hereafter existing and whether now owned or hereafter acquired, of every kind and description, tangible or intangible, including without limitation, all accessions thereto and proceeds thereof.

[ECF 21, Exhibit D]. The Financing Statement is an "all asset" financing statement pursuant to Minn. Stat. 336.9-504(2). Accordingly, the room rents for the Hotel fall within the scope of Pender Capital's lien on accounts and general intangibles that was properly perfected. *See* Minn. Stat. 336.9-102(64) (the definition of "general intangibles" specifically states that the term includes "payment intangibles").

3

7. Under Section 552(b)(2), the Debtor's Hotel revenue was subject to a valid prepetition security interest, and thus any such revenue generated after the Petition Date continues to be subject to Pender Capital's security interest. Section 363(a) further confirms that "cash collateral" includes pledged hotel room revenue specifically.

8. Under Section 363(c)(2), the Debtor may not use cash collateral, including future room revenue, without the consent of Pender Capital or an order from this court authorizing its use. The Debtor informed Pender it did not receive a PPP loan in March 2021, nor does it expect to receive any such funds after the Petition Date in this case due to the current rules regarding PPP eligibility set by the Small Business Administration. The Debtor's cash flow projections seem to confirm it has no sources of cash in this cash other than future room revenue, i.e. Pender's cash collateral. As of the date hereof, the Debtor does not have Pender's consent to use cash collateral after April 15, 2021.

9. Section 363(e) requires the Court to enter an order prohibiting (or conditioning) the use of cash collateral "as is necessary to provide adequate protection of such interest." Section 361 defines adequate protection and requires the Debtor to make periodic cash payments, offer additional or replacement liens to protect the secured lender against the diminution of its collateral, or such other relief as will result in the "realization by such entity of the indubitable equivalent of such interest in such property."

10. In the Motion, the Debtor has offered to Pender Capital "a replacement lien or a security interest in any new assets, materials and accounts receivable, generated from the use of cash collateral, with the same priority, dignity, and validity of prepetition liens or security interests." However, replacement liens would be a wholly illusory form of adequate protection in a case like this where the Debtor's exclusive source of future revenue is hotel room revenue in

which Pender Capital already has a perfected interest post-petition under § 552(b)(2).  In re Hari-Ram, Inc., 507 B.R. 114 (Bankr. M.D. Penn. 2014) (holding the debtor's offer of a replacement lien on the post-petition rents in hotel revenues was "meaningless" because secured creditor already has a lien on the hotel revenues under § 552(b)(2)); In re Buttermilk Towne Center, LLC, 442 B.R. 558, 566 (6th Cir. BAP 2010) (holding that future rents do not provide adequate protection for the debtor's expenditure of prior months rents); In re Las Torres Dev., LLC, 413 B.R. 687, 696-97 (Bankr. S.D. Tex. 2009 (holding that it was "disingenuous" to offer replacement lien on post-petition rents because lender already had lien on rents); In re Chatham Parkway Self Storage, LLC, 2013 WL 1898058 (Bankr. S.D. Ga. April 25, 2013 (holding that replacement lien is rents is "illusory" because § 552(b) provides lien on post-petition rents).

11. As explained above, future room revenue generated by the Hotel is already Pender Capital's cash collateral, and the Debtor's cash flow projections suggest the hotel will operate at a loss.  It is unclear what benefit, if any, such liens would offer Pender Capital or why the Debtor believes they are a legally sufficient form of adequate protection.

12. Additionally, the Debtor has failed to provide evidence that the property is adequately insured with Pender Capital listed as an additional insured on such policies.  Without such insurance, the Debtor cannot argue Pender is adequately protected.

13. The Debtor will no doubt argue that the time period is short, or that denial of its Motion will "shut down" the business.  But Pender Capital has a constitutionally protected interest in the Debtor's cash collateral and under Section 363, the Debtor is not entitled to relief if it cannot provide adequate protection of such interest.

5

### The Motion is Defective on its Face

14. The Debtor's Motion indicates that it is asking for the right to use cash collateral on a "final" basis. To date, however, the Debtor has not provided basic information such as a proposed budget, a proposed time period for use, the total amount or proposed uses of cash collateral beyond April 15, 2021. Moreover, the Debtor has provided no information about its cash flow during a proposed period. Without such information, it is wholly unclear how the Debtor intends to meet its legal burden to prove Pender Capital is adequately protected. On this basis alone, the Court should deny the Motion.

### Conclusion

15. For all the foregoing reasons, Debtor is not legally entitled to relief on a final basis at the hearing on April 15. Pender Capital respectfully requests an order denying the Debtor's Motion and prohibiting its use of cash collateral. Alternatively, Pender Capital respectfully requests that the Court set an evidentiary hearing to determine whether Debtor can meet its burden of proof under §§361 and 363.

Date: April 9, 2021          By:     */s/ Kesha L. Tanabe*
                                     Kesha L. Tanabe, Esq., ID #0387520
                                     1515 Canadian Pacific Plaza
                                     120 South Sixth Street
                                     Minneapolis, MN 55402
                                     kesha@tanabelaw.com


                                     */s/ Caren L. Stanley*
                                     Caren L. Stanley (#0340480)
                                     218 NP Avenue
                                     PO Box 1389
                                     Fargo, ND  58107-1389
                                     Telephone:  701.237.6983
                                     Email:    cstanley@vogellaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Glow Hospitality, LLC,

        Debtor.

Case No. 21-60102
Chapter 11 Case

---

**MEMO OF LAW IN SUPPORT OF OBJECTION AND MOTION FOR ORDER PROHIBITING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363(e)**

---

Pender East Credit 1 REIT LLC and Pender Capital Asset Based Lending Fund I LP (collectively, "Pender Capital"), by and through counsel, hereby submits the following memorandum of law in support of its Objection to the *Motion for (I) Expedited Relief and (II) An Order Authorizing Use of Case Collateral on a Preliminary and Final Basis* (the "Motion") filed by Glow Hospitality, LLC (the "Debtor") [ECF 5], and its request for an order prohibiting the use of cash collateral pursuant to 11 U.S.C. §363(e), Federal Rule of Bankruptcy Procedure 4001(a)(2), and Local Rule of Bankruptcy Procedure 9013-2.

<u>Pender has Standing to Object to the Motion</u>

Pender Capital has a validly perfect security interest in the hotel building, land and revenue stream.  Under Minnesota law, a hotel's room revenue is not a personal property interest under Article 9A.  Rather, a prepetition assignment of hotel room revenue creates an interest in real estate, which is perfected under Minnesota law by the Mortgage and Assignment of Rents. <u>In re Mid-City Hotel Associates,</u> 114 B.R. 634, 644 (Bkr. D. Minn. 1990); <u>In re Pavillion Place Associates,</u> 89 B.R. 36, 39 (Bankr. Minn. 1988) (post-petition rents are cash collateral if perfected by the valid recording of a mortgage document)  A Minnesota state court entered an order in the

7

month prior to the Petition Date confirming the validity of Pender Capital's prepetition Mortgage and Assignment.

<u>The Court Must Deny the Motion because Pender Capital is Not Adequately Protected</u>

Pender Capital has a constitutionally protected interest in its collateral. In fact, Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in cash collateral or other property to be used by a debtor during its bankruptcy proceeding:

> "Notwithstanding any other provision of this section, at any time, on the request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

The language of this Section is not precatory, it clearly states that the Court "shall prohibit" use, upon the request of a secured party, if necessary to provide adequate protection.

Section 361 defines what constitutes adequate protection. Of the three options, the Debtor has only offered replacement liens to Pender Capital. This is really an illusory offer, however, because Pender Capital already has a blanket prepetition lien in all of the Debtor's assets, including cash collateral. And under §552, any revenue generated by the Debtor's hotel operations is already subject to its prepetition liens. Because there is no unencumbered cash collateral, the Debtor has no replacement liens to offer. Where, as here, the Debtor appears to be cash flow negative, the purported benefit of such liens is even less clear, and the Debtor simply cannot demonstrate how or why this constitutes "adequately protection.".

Under §363(p)(1), Debtor has the burden of proving that Pender Capital is adequately protected. To determine whether a creditor's interest in cash collateral is adequately protected, the court "must necessarily (1) establish the value of the secured creditor's interest; (2) identify the

risks to the secured creditor's value resulting from the debtor's request for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protect value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence." *In re Martin,* 761 F.2d 472, 476-77 (8th Cir. 1985). Moreover, the Debtor bears the burden of proof on the issue of adequate protection. 11 U.S.C. §363(p)(1). To date, the Debtor has not filed a proposed budget or cash flow projections for the time period beyond April 15, 2020. With absolutely no evidence in the record, the Court cannot make a finding that Pender Capital is adequately protected and thus it cannot enter an order authorizing the Debtor to use cash collateral beyond April 15, 2021.

But working with the scant information provided thus far by the Debtor, Pender has analyzed the *In re Martin* factors and respectfully submits that the Debtor cannot meet the legal standard to prove adequate protection in this case. On the first factor, the Exhibits attached to the Debtor's renewed cash collateral motion indicate that Pender Capital's collateral consists of the hotel building with a current tax value of $2,132,400 and cash collateral in the amount of $79,739 as of March 31, 2021 [ECF 28] The most recent information available to Pender confirms the Debtor has reduced cash collateral to $69,971.38 as of April 8, 2021. On the second factor, during the first half of the interim period, the Debtor reduced Pender's cash collateral by $10,000. To put this in perspective, that is roughly 1/8of Pender Capital's cash collateral in 8 days. The risk to Pender Capital is clearly not hypothetical – it is measurable. All of the information currently provided by the Debtor confirms that the hotel is not cash flow positive. The original cash flow projections were verified and filed by the Debtor on March 23, 2021 [ECF 5, Exhibit C]. Unless the Debtor received a PPP loan in the amount of $97,300[1], which we know it will not receive, the

---

[1] As of the date hereof, the Debtor has confirmed it will not receive a PPP loan because it is not permitted by the current SBA policy.

projections show that cash collateral would be reduced from $72,500 on the Petition Date to $38,753 by April 30, 2021. This represents a loss of half of Pender's cash collateral by the end of this month. Further, it is worth noting that the Debtor's own cash flow projections confirm that the hotel currently operates at a loss – it does not generate enough room revenue to offset expenses, even before the Debtor factors in the cost of its bankruptcy case such as the fees of the Debtor's professionals and the Subchapter V trustee.

On the third factor, for adequate protection, the Debtor has offered to Pender Capital "a replacement lien or a security interest in any new assets, materials and accounts receivable, generated from the use of cash collateral, with the same priority, dignity, and validity of prepetition liens or security interests." However, replacement liens would be a wholly illusory form of adequate protection in this case. As explained above, future room revenue generated by the Hotel is already Pender Capital's cash collateral and the hotel will operate at a loss. Replacement liens are a wholly illusory form of adequate protection in a case like this where the Debtor's exclusive source of future revenue is hotel room revenue in which Pender Capital already has a perfected interest post-petition under § 552(b)(2). In re Hari-Ram, Inc., 507 B.R. 114 (Bankr. M.D. Penn. 2014) (holding the debtor's offer of a replacement lien on the post-petition rents in hotel revenues was "meaningless" because secured creditor already has a lien on the hotel revenues under § 552(b)(2)); In re Buttermilk Towne Center, LLC, 442 B.R. 558, 566 (6th Cir. BAP 2010) (holding that future rents do not provide adequate protection for the debtor's expenditure of prior months rents); In re Las Torres Dev., LLC, 413 B.R. 687, 696-97 (Bankr. S.D. Tex. 2009 (holding that it was "disingenuous" to offer replacement lien on post-petition rents because lender already had lien on rents); In re Chatham Parkway Self Storage, LLC, 2013 WL 1898058 (Bankr. S.D. Ga.

April 25, 2013 (holding that replacement lien is rents is "illusory" because § 552(b) provides lien on post-petition rents).

In the absence of adequate protection, and in light of the cash flow projections that confirm the Debtor will operate at a loss, Pender Capital respectfully requests the Court deny the Motion and enter an order prohibiting the Debtor's use of cash collateral pursuant to §363(e).

Date:  April 9, 2021            By:  */s/ Kesha L. Tanabe*
                                          Kesha L. Tanabe, Esq., ID #0387520
                                          1515 Canadian Pacific Plaza
                                          120 South Sixth Street
                                          Minneapolis, MN 55402
                                          kesha@tanabelaw.com

                                          */s/ Caren L. Stanley*
                                          Caren L. Stanley (#0340480)
                                          218 NP Avenue
                                          PO Box 1389
                                          Fargo, ND  58107-1389
                                          Telephone:  701.237.6983
                                          Email:     cstanley@vogellaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Glow Hospitality, LLC,                          Case No. 21-60102
                                                               Chapter 11 Case

       Debtor.

## PROPOSED ORDER

Debtor's motion for an order authorizing the use of cash collateral on a final basis came on for a hearing on April 15, 2021 before the Honorable Chief Judge Michael E. Ridgway, United States Bankruptcy Judge. Appearance were noted on the record. Based on the motion and supporting documents submitted by the parties, and the files and records herein,

IT IS HEREBY ORDERED:

1. The Motion is denied.

2. The Debtor is ordered to segregate and account for cash collateral pursuant to 11 U.S.C. §363(b)(4).


Dated:                                                     _____
                                                                 Chief Judge Michael E. Ridgway
                                                                 United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Glow Hospitality, LLC,<br><br>    Debtor. | Case No.: 21-60102<br><br>Chapter 11 |

## CERTIFICATE OF SERVICE

STATE OF NORTH DAKOTA   )
                        )   SS
COUNTY OF CASS          )

Sonie Thompson, being first duly sworn, does depose and say: she is of legal age and not a party to or interested in the above-entitled matter.

On April 9, 2021, affiant caused the following document(s): **OBJECTION TO RENEWED MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL ON A PRELIMINARY AND FINAL BASIS, MEMORANDUM IN SUPPORT, AND PROPOSED ORDER**

to be served by United States postal mail on *attached mailing matrix* and via USPS and email on:

| | |
|---|---|
| Michelle Chesebro<br>District Counsel – Iowa and Minnesota District Offices<br>U.S. Small Business Administration<br>330 Second Avenue South #430<br>Minneapolis, MN 55401<br>michelle.chesebro@sba.gov | Mr. David Fishman<br>Assistant Counsel<br>Small Business Administration<br>409 Third Street SW<br>Washington, DC 20024<br>david.fishman@sba.gov |

and served electronically on *all CM/ECF participants* and transmitted via email to Amanda L. Brower, First National Bank Bemidji: abrower@fnbbemidji.com.

                              */s/ Sonie Thompson*
                              Sonie Thompson

Subscribed and sworn to before me this 9th day of April, 2021.

                              */s/ Jill M. Nona*
(SEAL)                        Notary Public, Cass County, North Dakota
4366523.4

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-6<br>Case 21-60102<br>District of Minnesota<br>Fergus Falls<br>Thu Apr  8 16:59:13 CDT 2021 | Glow Hospitality, LLC<br>2422 Ridgeway Avenue Northwest<br>Bemidji, MN 56601-2147 | Pender Capital<br>11766 Wilshire Blvd., Suite 1460<br>Los Angeles, CA 90025-6874 |
| Pender Capital Asset Based Lending Fund I, L<br>c/o Vogel Law Firm<br>218 NP Avenue<br>PO Box 1389<br>Fargo, ND 58107-1389 | United States of America - United States Sma<br>United States Attorney's Office<br>c/o Roylee A. Champeaux<br>300 S. 4th Street, Ste. 600<br>Minneapolis, MN 55415-2200 | Fergus Falls - St Paul<br>200 Warren E Burger Federal Building and<br>U. S. Courthouse<br>316 N Robert St<br>St Paul, MN 55101-1495 |
| Always There Staffing Bemidji<br>2522 Hannah Avenue Northwest<br>Bemidji MN 56601-2110 | Amadeus<br>75 New Hampshire Avenue<br>Suite 300<br>Portsmouth NH 03801-2096 | Caren Stanley, Esq.<br>Vogel Law Firm<br>218 NP Avenue<br>P.O. Box 1389<br>Fargo, ND 58107-1389 |
| CenturyLink<br>Attn: Enterprise Collections<br>100 Century Link Drive<br>Monroe LA 71203-2041 | CenturyLink<br>P.O. Box 2956<br>Phoenix AZ 85062-2956 | CenturyLink - Bus. Svcs.<br>P.O. Box 52187<br>Phoenix AZ 85072-2187 |
| Choice Hotels<br>One Choice Hotels Circle<br>Suite 400<br>Rockville MD 20850-5172 | First National Bank Bemidji<br>P.O. Box 670<br>Bemidji, MN  56619-0670 | IHG (Int'l Hotels Group)<br>P.O. Box 101074<br>Atlanta GA 30392-1074 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA.  19101-7346 | Kesha Tanabe<br>Tanabe Law<br>120 S. 6th St., #1515<br>Minneapolis, MN 55402-1817 | MN Department of Revenue  Partnership Tax<br>Mail Station 5170<br>600 North Robert Street<br>Saint Paul, MN 55146-5170 |
| MN DoR<br>600 Robert Street North<br>Saint Paul MN 55101 | Minnesota Sealcoating<br>403 Fourth Street Northwest<br>Bemidji MN 56601-3142 | Minnesota Sealcoating<br>9830 Maple Avenue Northeast<br>Bemidji MN 56601-8540 |
| Minnesota Sealcoating/Striping<br>P.O. Box 1678<br>31668 Woodbine Lane<br>Bemidji MN 56619-1678 | Pender Capital<br>11766 Wilshire Boulevard<br>Suite 400<br>Los Angeles CA 90025-6547 | Pender Capital Asset Based Lending Fund I, L<br>c/o Tanabe Law<br>120 S. 6th St., #1515<br>Minneapolis, MN 55402-1817 |
| Pender East Credit 1 REIT LLC<br>c/o Tanabe Law<br>120 S. 6th St., #1515<br>Minneapolis, MN 55402-1817 | Pinnacle Communications<br>1626 Tom Williams Drive South<br>Fargo ND 58104-7860 | PlayNetwork C/o Octave Group<br>450 Remington Road<br>Schaumburg IL 60173-4540 |
| PlayNetwork C/o Octave Group<br>P.O. Box 21550<br>New York NY 10087-1550 | Quore Systems<br>2000 Meridian Road<br>Franklin TN 37067-6361 | Stanley Access Technologies<br>65 Scott Swamp Road<br>Farmington CT 06032-2803 |

```
State of Minnesot                    The Bemidji Pioneer                 U.S. SBA
Department of Revenue                P.O. Box 455                        P.O. Box 3918
PO Box 64447 - BKY                   Bemidji MN 56619-0455               Portland OR 97208-3918
St. Paul MN 55164-0447


US Trustee                           Viking Automatic Sprinkler Co.      Viking Automatic Sprinkler Co.
1015 U.S. Courthouse                 4510 Airport Road                   P.O. Box 74008409
300 S 4th St                         Duluth MN 55811-1523                Chicago IL 60674-8409
Minneapolis, MN 55415-3070


Alexander J. Beeby                   Steven B Nosek                      Thomas Flynn
Larkin Hoffman Daly & Lindgren       2855 Anthony Lane S                 Larkin Hoffman Daly & Lindgren
8300 Norman Center Drive             Ste 201                             8300 Norman Center Drive
Suite 1000                           St Anthony, MN 55418-2637           Suite 1000
Minneapolis, MN 55437-1060                                               Bloomington, MN 55437-1060


End of Label Matrix
Mailable recipients    38
Bypassed recipients     0
Total                  38
```