## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| In Re: | Case No.:  21-60102 |
|---|---|
| Glow Hospitality, LLC,          Debtor. | Chapter 11 |

### AFFIDAVIT OF DEFAULT

STATE OF MINNESOTA          )
                                             ) ss
COUNTY OF CASS               )

Caren L. Stanley, being first duly sworn upon oath, states as follows:

1.      I represent Pender East Credit 1 REIT, L.L.C. and Pender Capital Asset Based Lending Fund I, LP (collectively, "Pender Capital") in the above-captioned case.

2.      Debtor and Pender Capital entered into a Stipulation for Interim Use of Cash Collateral on March 31, 2021 (the "Stipulation") [ECF 40].  The Court entered an Order approving the Stipulation on March 31, 2021 [ECF 44].  Capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Stipulation.

3.      Pender Capital agreed the Debtor could use cash collateral through April 15, 2021, in reliance upon the Debtor's promise: (a) to use cash in accordance with a budget attached as Exhibit A to the Stipulation; and (b) to perform the covenants set forth in paragraph 4 of the Stipulation (collectively, the "Covenants").

4.      On April 8, 2021, Pender Capital sent a notice of default and demand for cure, in accordance with paragraph 12 of the Stipulation ("Notice of Default").  A true and correct copy of the Notice of Default is attached hereto as Exhibit 1.

5.      If Debtor fails to cure or contest the Events of Default described in the Notice of Default by close of business on April 15, 2021, Debtor has previously stipulated the Court may enter an order terminating the automatic stay as to Pender Capital and the Collateral.

6.      As of the time of filing, several Events of Default identified in the Notice of Default remain uncured.  In accordance with paragraph 12 of the Stipulation, Pender Capital respectfully requests the Court enter an order terminating the automatic stay as to Pender and the Collateral.

Debtor Failed to Establish a Separate DIP Operating Account, as Required by the Stipulation

7.      In paragraph 4(j) of the Stipulation, the Debtor agreed to "establish a separate Debtor-in-possession operating account" (such an account, a "DIP Account").

8.      The Debtor submitted an Initial Financial Report dated April 10, 2021 (the "Initial Financial Report") to the U.S. Trustee and provided a copy to Pender Capital on or about April 12, 2021.  A copy of the Initial Financial Report is attached hereto as Exhibit 2.

9.      At the top of page 2 of the Initial Financial Report, the Debtor has listed two bank accounts: (a) an operating account ending in -5277 at First National Bank Bemidji that was opened in 2007 (the "Operating Account"); and (b) a "DACA" account ending in -8063 at Western Alliance Bank that was opened in 2020 (the "DACA Account").  At the bottom of page 2 of the Initial Financial Report, the Debtor certified that such list is a "complete report of all bank accounts/investments owned by the debtor as of the date of the filing of the debtor's petition, or where applicable, opened or closed by debtor after the submission of the initial

form." The form indicates both accounts are currently open; there is no indication that either account had been closed as of April 10, 2021.

10.     Debtor regards the Operating Account as a "DIP Account" and believes it has satisfied the requirements of paragraph 4(j) of the Stipulation. Pender Capital respectfully disagrees.

11.     A copy of the Operating Guidelines for Chapter 11 Debtors in Possession published by the U.S. Trustee is attached hereto as <u>Exhibit 3</u>. In Section II(A)(1), the Guidelines clearly state: "The debtor must immediately close prepetition bank accounts and open a new "debtor in possession" bank account. All receipts must flow through the debtor in possession account(s)."

12.     By definition, the Operating Account cannot be a DIP Account. Pender expected the Debtor would close all of the prepetition accounts and consolidate all cash collateral in a new DIP Account, subject to the U.S. Trustee operating guidelines. The Initial Financial Report confirms the Debtor did not do so. The Operating Account is just a business checking account that was opened in 2007 and has never been closed. Pender specifically asked the Debtor to establish a "separate" DIP Account to avoid this outcome.

13.     Debtor forwarded to Pender Capital a monthly statement for March 2021 for the Operating Account (the "<u>March Operating Account Statement</u>"), a copy of which is attached hereto as <u>Exhibit 4.</u>  A cursory review of the March Operating Account Statement also confirms the Operating Account is not a DIP Account. Rather than closing its prepetition account and opening a new DIP Account, it appears the Debtor simply changed the mailing address to read: "c/o The Hotel Bemidji, Debtor in Possession."

14.     Even if the Operating Account was a separate new account, which it is not, First National Bank Bemidji is not an approved depository.  Again, the Operating Account, by definition, cannot be a "DIP Account," as such term is customarily used in the District of Minnesota.

15.     Debtor's failure to comply with paragraph 4(j) constituted an Event of Default under the Stipulation.  Debtor failed to timely cure this Event of Default by April 15, 2021.  On this basis, and in accordance with paragraph 12 of the Stipulation, Pender Capital respectfully requests the Court enter an order terminating the automatic stay as to Pender and the Collateral.

<u>Debtor Failed to Utilize Cash Collateral in Accordance with the Budget and Made an Unauthorized Distribution to Equity during Interim Cash Collateral Period</u>

16.     Pursuant to paragraph 2 of the Stipulation, the Debtor is authorized to use Pender's cash collateral "only in accordance with the budget", a copy of which was attached to the Stipulation as Exhibit A.  [ECF 40, Exhibit A]

17.     The Budget details exactly the type and amount of expenses that the Debtor was permitted to pay using Pender's cash collateral during the time period March 22 to April 15 (the "<u>Interim Cash Collateral Period</u>").  The total amount the Debtor was permitted to use during the Interim Cash Collateral Period was $33,934.38, and the largest single expense authorized during such period was $5,989 for payroll expense.  [ECF 40, Exhibit A]

18.     The March Operating Account Statement indicates the Debtor made a wire transfer to Baljinder Sandhu in the amount of $25,025 on March 22, 2021, the first day of the Interim Cash Collateral Period.  *See* <u>Exhibit 4</u>.  Mr. Sandhu is the sole equity interest holder of the Debtor.  Pender Capital (and presumably the Debtor) intended the Budget to be limited

only to amounts necessary to avoid immediate and irreparable harm to the Debtor pending the final hearing on April 15, 2021. Debtor was not authorized under the Budget to make a $25,025 distribution to the Debtor's equity interest holder during the Interim Cash Collateral Period.

19.    The March Operating Account Statement also calls into question the reliability of the cash flow projections verified by Mr. Sandhu and filed by the Debtor in this case. For example, in the cash flow projections filed by the Debtor on March 24, 2021 [ECF 7], the top line of the spreadsheet indicates the Debtor's beginning cash balance on the first day of each month. The spreadsheet indicates that the Debtor's beginning cash balance on March 1, 2021 was $72,500. The March Operation Account Statement indicates that the Debtor's cash balance on March 1, 2021 was $212,238.84.

20.    When Debtor renewed its cash collateral motion, the cash flow projections were truncated to provide limited visibility about the Debtor's cash in March 2021. With the benefit of the March Operating Account Statement, however, it is apparent that there were two "miscellaneous debits" on the last business day before the Debtor filed for bankruptcy: $17,025 (consisting of one wire transfer to an undisclosed transferee) and $59,075 (consisting of three wire transfers to undisclosed transferees). Combined with the $25,025 wire transfer to Mr. Sandhu on the Petition Date, these five last-minute wire transfers removed a total of $101,125 in cash from the Operating Account in two business days. Stated differently, the Debtor had $173,071.26 in cash on hand at the beginning of the day on Friday, March 19, 2021, but it only had $78,736.32 at the end of Monday, March 22, 2021.

21.    The March 22, 2021 distribution to Mr. Sandhu, the Debtor's sole equity interest holder, is an unauthorized post-petition transfer, it violates the priority scheme set forth in the

Bankruptcy Code, it is an unauthorized use of cash collateral, and it breached the Debtor's covenant to utilize cash collateral in accordance with the budget only under paragraph 2 of the Stipulation.

22.   Mr. Sandhu filed Case No. 21-21003, a personal chapter 7 bankruptcy case, in the Eastern District of California on March 23, 2021.  As of the date hereof, Mr. Sandhu's personal bankruptcy case is still pending, and the $25,025 cash transfer made on March 22, 2021 is likely property of his chapter 7 bankruptcy estate.  It is unclear whether or how the Debtor could recover this transfer without relief from the automatic stay.  There is no such motion pending on the docket in his personal case and thus, it may not be possible for the Debtor to cure or otherwise "undo" this Event of Default by the close of business on April 15, 2021 without violating the automatic stay in his personal case.  Because the Debtor failed to comply with the covenant in paragraph 2 of the Stipulation to use cash in accordance with the budget only, and because the Debtor has not (and cannot) timely cure such default, Pender Capital respectfully requests the Court enter an order terminating the automatic stay as to Pender and the Collateral in accordance with paragraph 12 of the Stipulation.

<u>Debtor Breached Several Reporting Covenants</u>

23.   Debtor has breached multiple reporting-related covenants in paragraph 4 of the Stipulation, each of which constitutes a separate Event of Default.  Debtor was obligated to cure each such Event of Default by April 15, 2021.

(a)   Debtor failed to provide copies of its federal or state tax returns for 2018, 2019 or 2020 (if filed). Such tax returns were originally due on April 2, 2021.  [ECF 40, ¶4(b)] Notice of the default was provided on April 8, 2021.  Debtor was

obligated to cure such Event of Default by April 15, 2021 but has failed to do so. *See* Exhibit 1.

(b)     Debtor has failed to fully disclose all sources of income, including but not limited to, the name and business address of all online booking websites. Such information was due on April 7, 2021. [ECF 40, ¶ 4(c)] *See also* Exhibit 1.

(c)     Debtor failed to provide a copy of the Bank of America Merchant Account statement for the month of March 2021.  [ECF 40, ¶4(c) and ¶4(d).] *See also* Exhibit 1. Pender Capital has received the statements for January and February 2021, but the March 2021 statement is necessary to confirm how much revenue the hotel generated in credit card receivables during the month of March 2021 and whether all operating revenue was deposited into a DIP Account.

(d)     Debtor provided copies of its insurance policies, but Pender Capital was not listed as an additional insured. [ECF 40, ¶4(f)] *See also* Exhibit 1.

(e)     Debtor has failed to provide a copy of any monthly statements for the DACA Account, which is necessary "to account for all cash collateral in Debtor's possession, custody, or control."  [ECF 40, ¶4(g)] *See also* Exhibit 1. Pender Capital has no information about whether the "miscellaneous debits" or the wire transfer to Mr. Sandhu described in paragraph 20 hereof, are still in the Debtor's possession, custody, or control.

24.    Under paragraph 12 of the Stipulation, Debtor was obligated to cure or contest the Events of Default by close of business on April 15, 2021.  Pender Capital acknowledges that the Debtor has cured certain Events of Default described in the original Notice of Default, and any such cured Events of Default have been intentionally omitted from this Affidavit. This Affidavit sets forth the only uncured Events of Default, each of which alone is a sufficient basis for the Court to enter an order terminating the automatic stay as to Pender and the Collateral in accordance with paragraph 12 of the Stipulation.

25.    I declare under penalty of perjury that everything that I have stated in this document is true and correct.

Signed on the 15th day of April 2021 at Clay County, Minnesota, United States of America.

**VOGEL LAW FIRM**

/s/ Caren L. Stanley
BY:  Caren L. Stanley (#0340480)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:    cstanley@vogellaw.com

4391950.3

# EXHIBIT 1

**(Notice of Default dated April 8, 2021)**

**Caren W. Stanley**

cstanley@vogellaw.com

April 8, 2021

Thomas Flynn
Larkin Hoffman Daly & Lindgren
8300 Norman Center Drive, Suite 1000
Bloomington, MN  55437

tflynn@larkinhoffman.com

Alex Beeby
Larkin Hoffman Daly & Lindgren
8300 Norman Center Drive, Suite 1000
Bloomington, MN  55437

abeeby@larkinhoffman.com,

Re:    **Glow Hospitality, LLC**
       **Case No. 21-60102**

Dear Mr. Flynn and Mr. Beeby:

### <u>DEFAULT NOTICE</u>

Pursuant to the Stipulation for Interim Use of Cash Collateral filed on March 31, 2021 (the "<u>Stipulation</u>") [Doc. 40] and the Order approving the Stipulation filed on March 31, 2021 [Doc 44], the Debtor Glow Hospitality, LLC covenanted that it would take certain actions pursuant to paragraph 4 of the Stipulation.  Capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Stipulation.

|  | Stipulation Covenant | Default |
|---|---|---|
| B. | Provide copies of federal and state tax returns, including all schedules, for 2018, 2019 and 2020 (if filed) to counsel for Pender within two (2) business days of entry of the Bankruptcy Court's order approving this Stipulation. | Debtor has provided federal returns for 2016 and 2017 and a draft for 2018. Debtor has not provided any state tax returns and has not provided federal or state tax returns for 2018, 2019 or 2020. The aforementioned tax returns were due on April 2, 2021. |
| C. | Fully disclose to counsel for Pender within five (5) business days of entry of the Bankruptcy Court's order approving this Stipulation all sources of revenue and income including but not limited to the name and business address of all credit card processing merchants and online booking websites (i.e., Comfort Inn, Expedia, | Debtor has provided the January and February 2021 Merchant Statements from Bank of America that shows credit card revenue from Mastercard, VISA, Discover and American Express. Debtor has not confirmed to Pender that the Merchant Statements constitute "all sources of |

218 NP Avenue  |  PO Box 1389  |  Fargo, ND  58107-1389
Phone: 701.237.6983  |  Fax:  701.476.7676  |  Toll Free:  800.677.5024



Fargo • Bismarck • Moorhead • Minneapolis • Grand Forks          www.vogellaw.com

April 8, 2021
Page 2

| | | |
|---|---|---|
| | Travelocity, etc.) that have remitted credit card receipts and funds to the Debtor subsequent to February 1, 2021. | revenue and income". Moreover, Debtor has not provided the March 2021 Merchant Statements or reports or information about online booking websites for any time period. This information was due on April 7, 2021. |
| **D.** | Provide copies to counsel for Pender of any reports or statements generated in the ordinary course by credit card processing merchants and/or online booking websites that are customarily provided to Debtor. Said reports or statements must be provided within two (2) business days of receipt by Debtor. | Debtor has failed to provide a copy of the March 2021 Merchant Statement. Debtor has failed to provide any reports or statements generated by the credit card processing merchants and/or online booking websites. |
| **E.** | Provide weekly reports of all revenue and income including but not limited to identification of the source and amount (hereinafter "Revenue Report"). The first weekly Revenue Report shall be provided to counsel for Pender on or before April 12, 2021 for the period of the Petition Date through April 5, 2021. Thereafter, the weekly Revenue Report shall be provided by 5:00 CST on each successive Tuesday for the preceding week's revenues. | Debtor provided a weekly revenue report dated April 1, 2021. Debtor did not produce a report on April 6, 2021. |
| **F.** | Keep all of the Collateral insured and provide proof of insurance to counsel for Pender within five (5) business days of entry of the Bankruptcy Court's order approving this Stipulation. | Debtor failed to name Pender as an additional insured. Proof of insurance was due by April 7, 2021. |
| **G.** | Keep complete and accurate books and accounts for all cash collateral in Debtor's possession, custody, or control, and shall provide weekly reports to Pender of such accounting. | Debtor has only provided screenshots with limited information. Pender has not received evidence of complete and accurate books and accounts for cash collateral in the Debtor's possession, custody or control on a weekly basis. |

April 8, 2021
Page 3

| | | |
|---|---|---|
| **J.** | Establish a separate Debtor-in-possession (DIP) operating account. | Debtor has not closed its prepetition accounts and established a DIP operating account per the requirements of the U.S. Trustee. To date, Debtor has sent Pender a screenshot of an account established on December 6, 2007 with the First National Bank of Bemidji. It appears the Debtor merely modified the title of a prepetition account with a bank that is not a UST-approved depository. |
| **L.** | Timely comply with all covenants to pay taxes, insurance, and franchise fees (as required by the franchisor). | Public tax records confirm the Debtor has not timely paid property tax due on the hotel property. Pender has received no evidence confirming that Debtor in in compliance with insurance or franchise agreement-related covenants in the loan agreements. |
| **M.** | Provide copies to counsel for Pender of any STAR reports for period of August of 2020 and any subsequent period that are currently in the custody, possession and control of the Debtor within five (5) business days of entry of the Bankruptcy Court's order approving this Stipulation. | Pender has not received a STAR report for March 2021. Such report was due by April 7, 2021. |
| **N.** | Provide copies to counsel for Pender of any STAR reports obtained or otherwise received by the Debtor after the Petition Date within two (2) business days of receipt by the Debtor. | Pender has not received a STAR report for March 2021. Such report was due within 2 business days of receipt by the Debtor. |
| **O.** | Provide copies to counsel for Pender of any reports generated in the ordinary course by the current hotel management company customarily provided to Debtor. Said reports must be provided within two (2) business days of receipt by the Debtor. | Pender has not received any such reports from the management company. |

April 8, 2021
Page 4

| | | |
|---|---|---|
| **P.** | Agree to file any and all motions required under the Bankruptcy Code for the payment of prepetition expenses or post-petition financing. | Debtor continues to use an account established on December 6, 2007 with the First National Bank of Bemidji, but it has not filed a motion for authority to use prepetition accounts and cash management systems. |

Additionally, pursuant to Paragraph 2 of the Stipulation, Debtor is only authorized to used cash collateral in accordance with the budget attached to the Stipulation as Exhibit A. To date, Debtor has provided no information to Pender regarding the uses of cash collateral during the interim period.

Pursuant to paragraph 12 of the Stipulation, Pender demands the Debtor cure all of the aforementioned Events of Default within five (5) business days from the date of this Notice of Default, which date shall occur on April 15, 2021.

Regards,

Caren W. Stanley

cc:   Kesha Tanabe (via email)
      Cameron Nazemi (via email)

4380170.2

## EXHIBIT 2

**(Initial Financial Report dated April 10, 2021)**

**DEBTOR:** Glow Hospitality, LLC

**CASE NUMBER:** 21-60102

**INITIAL FINANCIAL REPORT**
CHAPTER 11

COVER SHEET

April 10, 2021

Date of Report

*THIS REPORT IS DUE 15 DAYS AFTER THE PETITION FILING DATE*

Mark One Box for Each
Required Document:

Debtor must attach each of the following documents or a satisfactory explanation for failure to attach a document. **Submit original report to U.S. Trustee.** Do not file report with Clerk of Court.

| Document Attached | Previously Submitted | Explanation Attached | REQUIRED DOCUMENTS |
|---|---|---|---|
| ☐ | ☒ | ☐ ECF 11,45,46 see also 47 | 1. Latest Fiscal Year Financial Statements or Tax Returns |
| ☐ | ☒ | ☐ ECF 46 | 2. Balance Sheet as of Month End Immediately Preceding Filing |
| ☐ | ☒ | ☐ ECF 11 | 3. Profit and Loss Statement for Month and Year Immediately Preceding Filing |
| ☐ | ☒ | ☐ | 4. Proof of Insurance Coverage: |
| ☐ | ☒ | ☐ | a. General Liability Insurance |
| ☐ | ☒ | ☐ | b. Property (Fire, Theft, etc.) Insurance |
| ☐ | ☒ | ☐ | c. Workers' Compensation Insurance |
| ☐ | ☐ | ☒ (N/A) | d. Vehicle Insurance |
| ☐ | ☒ | ☐ | e. Other: Umbrella |
| ☒ 4/9 Update Attached | ☒ | ☐ ECF 7 | 5. Projected Revenue, Expenses and Cash Flow for First 180 Days of Post Petition Operations |
| | | | 6. Name and Address of Financial Institution, Account Number and Sample Voided Check for Each Debtor in Possession Bank Account and Bank Account Reporting Form |
| ☒ | ☐ | ☒ (N/A) | a. General Account |
| | | | b. Tax Account (if required) |
| ☒ | ☐ | | c. Bank Account Reporting Form |

*I declare under penalty of perjury that the following Initial Financial Report, and any attachments thereto, are true and correct to the best of my knowledge and belief.*

Executed on: 4/10/21

Debtor(s): Glow Hospitality, LLC

By: Baljinder Sandhu

Position: President

Form 1
Rev. 04/01/21

## BANK ACCOUNT REPORTING FORM

Case Name____In re Glow Hospitality, LLC_____Case No.__21-60102_____

**(This is a master form. Signed copies of this form should be used for providing information if the debtor has more than four accounts. Copies should also be used for reporting on accounts which the debtor opens or closes after the submission of the initial form.)**

| DEPOSITORY INSTITUTION | ACCOUNT DESCRIPTION (ie. Payroll or tax acct. etc. | ACCOUNT NO. | DATE ACCOUNT OPENED |
|---|---|---|---|
| Name: First National Bank Benidji | Operating | ▦5227 | 12/06/2007 |
| Address: P.O. Box 670 | | | |
| Bemidji, MN 56619-0670 | | | |
| Phone: (218) 751-2430 (main) | | | |
| Contact Person: Cindy Trosen ctrosen@fnbbemidji.com (218) 333-4377 | | | |
| Name: Western Alliance Bank | DACA | ▦8063 | Q1 2020 |
| Address: 2701 E. Camelback Rd., Ste. 110 | | | |
| Phoenix, AZ 85016 | | | |
| Phone: (602) 952-5443 (contact) | | | |
| Contact Person: Kathy Jorgenson wlgtreasmgmt@westernalliancebank.com | | | |
| Name: | | | |
| Address: | | | |
| Phone: | | | |
| Contact Person: | | | |
| Name: | | | |
| Address: | | | |
| Phone: | | | |
| Contact Person: | | | |

I/we certify that the above is a complete report of all bank accounts/investments owned by the debtor as of the date of the filing of debtor's petition or, where applicable, opened or closed by debtor after the submission of the initial form.

I/we certify that all above-listed depository institutions have been notified of the date and place of the filing of this chapter 11 petition.

In addition, I/we hereby authorize any accredited representative of the United States Trustees Office to obtain any information from the above listed financial institutions. This information may include, but is not limited to, bank statements, signature cards, canceled checks, correspondence and other documentation for all accounts listed hereon.

**THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND ACCURATE.**

DATE:        04/10/21

SIGNATURE(S):_____    _____

(A copy of this form must be signed by all persons who are authorized signatories on the accounts listed above.)

# EXHIBIT 3

**(U.S. Trustee - Operating Guidelines for Chapter 11 Debtors in Possession)**



**U.S. Department of Justice**

*Office of the United States Trustee*

*District of Minnesota*

---

| | |
|---|---|
| *300 South 4th Street, Room 1015* | *612-334-1350* |
| *Minneapolis, Minnesota 55415*   *FAX* | *612-335-4032* |

# OPERATING GUIDELINES AND REPORTING REQUIREMENTS OF THE UNITED STATES TRUSTEE

## FOR CHAPTER 11 DEBTORS IN POSSESSION

### I. INTRODUCTION

#### A. United States Trustee's Authority to Supervise Debtor in Possession

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 704(8), the United States Trustee has established these **Operating Guidelines and Reporting Requirements** (the "requirements") for chapter 11 debtors in possession (the "debtor" or "debtors"). Under these requirements, debtors must establish and observe certain operating procedures and file certain financial reports with the Bankruptcy Court, the United States Trustee, and any committee appointed in the case by the United States Trustee. Counsel should carefully review these requirements with debtor upon receipt.

#### B. Compliance, Amendments or Modifications

*Timely compliance with each of the requirements contained herein is mandatory. Failure to comply with any requirement may result in the filing of a motion to dismiss or convert the case or a motion to appoint a chapter 11 trustee or examiner.*

*Any request to amend or modify these requirements for a particular chapter 11 case must be made in writing. To be effective, approval by the United States Trustee must be in writing.*

#### C. Duties of Debtor in Possession

With the filing of a chapter 11 petition, a debtor becomes a new entity called a debtor in possession. The debtor in possession has fiduciary and statutory responsibilities to preserve and maintain the estate and to operate its business as efficiently as possible in order to maximize ultimate payments on pre-petition debts while keeping post-petition debt current. (See 11 U.S.C. §§ 1106 and 1107.)

## II.  OPERATING GUIDELINES

### A.  Bank Accounts/Money of the Estate

1.  The debtor must immediately close pre petition bank accounts and open new "debtor in possession" bank accounts.  All receipts must flow through the debtor in possession account(s).  All disbursements should be by check.

2.  The account name on the bank's records must include the words "Debtor in Possession."  Checks for the new accounts must be pre-numbered by the printer, and must be **imprinted** with the words "Debtor in Possession" and the bankruptcy case number.  Handwritten, typewritten, or hand-stamped versions are not acceptable.  (See **Exhibit 1.**)

3.  All money of the estate must be deposited or invested in accordance with 11 U.S.C. § 345.  Examples of deposits and investments that comply with § 345(b) include, but may not be limited to, the following:

   a.    Deposits that are fully insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration.

   b.    Investments in United States Treasury securities.

   c.    Deposits and investments with an entity that has posted a surety bond in favor of the United States, or pledged securities of the kind specified in 31 U.S.C. § 9303, to secure the funds invested or on deposit.

### B.  Insurance

The debtor must maintain without interruption all insurance customarily carried in the debtor's line of business or required by law or regulation.  In most cases, the debtor will be required to carry liability, workers' compensation, and property insurance, i.e., fire and extended coverage.  The property insurance coverage must be for no less than the fair market value or replacement cost of the insured assets.  The debtor must immediately notify the United States Trustee of any lapse, cancellation, modification, or renewal of insurance coverage.  Failure by the debtor to maintain appropriate insurance that poses a risk to the estate or to the public is cause for conversion or dismissal of the case.  11 U.S.C. § 1112(b)(4)(c).

### C.  Taxes

The debtor must remain current on all post petition federal, state, and local taxes and file all tax returns on a timely basis.  If the debtor has payroll tax obligations, the debtor may be required to open a special tax account and report payroll tax deposits to the appropriate taxing authority.  Failure by the debtor to timely pay post-petition taxes or to file post-petition tax returns is cause for conversion or dismissal of the case. 11 U.S.C. § 1112(b)(4)(I).

## DEBTOR IN POSSESSION ACCOUNTS

This is an example of a correctly styled check for a debtor in possession bank account. Please use it as a guide in setting up your account and ordering checks.

The words "Debtor in Possession" and the bankruptcy case number must be ***imprinted on all*** checks issued by a debtor. Handwritten, typewritten and hand-stamped versions are ***not*** acceptable. The use of the abbreviation "DIP" for "debtor in possession" is ***not*** acceptable. In addition, the checks must be pre-numbered by the printer.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John Doe Holding, Inc., dba USA GOODS                                    1001
Debtor in Possession
Case No. 05C-20000
1400 Every Street                                                        11-7/1000
Anytown, CO 80000
(303) 111-1111

PAY
TO THE
ORDER OF _____ , $(        )
_____ DOLLARS

Solvent National Bank
1 Finance Street
Metropolis, CO 80001

FOR _____    _____
|:3 25079486|:57670 008641811 - 0801
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit 1
Rev. 1/1/18

## BANK ACCOUNT REPORTING FORM

Case Name_____Case No._____

(This is a master form.  Signed copies of this form should be used for providing
information if the debtor has more than four accounts.  Copies should also be
used for reporting on accounts which the debtor opens or closes after the
submission of the initial form.)

| DEPOSITORY INSTITUTION | ACCOUNT DESCRIPTION (ie. Payroll or tax acct. etc. | ACCOUNT NO. | DATE ACCOUNT OPENED |
|---|---|---|---|
| Name:_____ Address:_____ _____ Phone:_____ Contact Person:_____ | _____ _____ _____ _____ | _____ _____ _____ _____ | _____ _____ _____ _____ |
| Name:_____ Address:_____ _____ Phone:_____ Contact Person:_____ | _____ _____ _____ _____ | _____ _____ _____ _____ | _____ _____ _____ _____ |
| Name:_____ Address:_____ _____ Phone:_____ Contact Person:_____ | _____ _____ _____ _____ | _____ _____ _____ _____ | _____ _____ _____ _____ |
| Name:_____ Address:_____ _____ Phone:_____ Contact Person:_____ | _____ _____ _____ _____ | _____ _____ _____ _____ | _____ _____ _____ _____ |

I/we certify that the above is a complete report of all bank accounts/investments owned by
the debtor as of the date of the filing of debtor's petition or, where applicable, opened or
closed by debtor after the submission of the initial form.

I/we certify that all above-listed depository institutions have been notified of the date and
place of the filing of this chapter 11 petition.

In addition, I/we hereby authorize any accredited representative of the United States
Trustees Office to obtain any information from the above listed financial institutions.  This
information may include, but is not limited to, bank statements, signature cards, canceled
checks, correspondence and other documentation for all accounts listed hereon.

THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY THAT THE ABOVE
INFORMATION IS TRUE, COMPLETE AND ACCURATE.

DATE:        _____

SIGNATURE(S):_____     _____

(A copy of this form must be signed by all persons who are authorized signatories on the accounts
listed above.)

## EXHIBIT 4

**(Operating Account Statement – March 2021)**

# FIRST NATIONAL BANK BEMIDJI

PO BOX 670, BEMIDJI, MN 56619-0670

*Statement Ending 03/31/2021*

*GLOW HOSPITALITY LLC*                    *Page 1 of 6*
*Account Number: XXX5277*

**ADDRESS SERVICE REQUESTED**

GLOW HOSPITALITY LLC
C/O THE HOTEL BEMIDJI
DEBTOR IN POSSESSION
681 HAWKCREST CIR
SACRAMENTO CA 95835-2032

## Managing Your Accounts

| | | |
|---|---|---|
| 🏛 | Bank Name | First National Bank Bemidji |
| 📱 | Phone Number | 218-751-2430 |
| ✉ | Mailing Address | PO Box 670<br>Bemidji, MN 56619-0670 |
| 🖥 | Website | www.fnbbemidji.com |

## Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| FIRST BUSINESS | XXX5277 | $85,512.11 |

## FIRST BUSINESS-XXX5277

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 02/27/2021 | Beginning Balance | $195,354.25 |
| | 37 Credit(s) This Period | $63,571.48 |
| | 56 Debit(s) This Period | $173,413.62 |
| 03/31/2021 | Ending Balance | $85,512.11 |

### Account Activity

| Post Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 02/27/2021 | **Beginning Balance** | | | **$195,354.25** |
| 03/01/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $601.14 | $195,955.39 |
| 03/01/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $3,185.95 | $199,141.34 |
| 03/01/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $13,097.50 | $212,238.84 |
| 03/01/2021 | WIRE TRANSFER TO CHOICE HOTELS | $6,563.00 | | $205,675.84 |
| 03/01/2021 | CHECK # 5442 | $269.00 | | $205,406.84 |
| 03/01/2021 | CHECK # 5446 | $86.00 | | $205,320.84 |
| 03/02/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $98.72 | $205,419.56 |
| 03/02/2021 | XX0243 POS PURCHASE 03/02 08:13 AMAZON.COM*<br>PW3TG SEATTLE WA 00000000 8TJPVJ | $67.91 | | $205,351.65 |
| 03/02/2021 | MERCHANT SERVICE MERCH FEE 22716 | $135.42 | | $205,216.23 |
| 03/02/2021 | 03022021AC SHIFT4-DEBITS 0001250205 | $253.00 | | $204,963.23 |
| 03/02/2021 | ASSET HR INC Payroll 86956 | $7,300.60 | | $197,662.63 |
| 03/03/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $2,147.68 | $199,810.31 |
| 03/03/2021 | BANK OF AMERICA DISCOUNT 372747297888 | $19.39 | | $199,790.92 |
| 03/03/2021 | FISERV MERCHANT FEE 372741731882 | $75.54 | | $199,715.38 |
| 03/03/2021 | BANK OF AMERICA FEE 372747297888 | $96.13 | | $199,619.25 |
| 03/03/2021 | WESTGUARD INS CO INS PREM GLWC115732 | $679.01 | | $198,940.24 |
| 03/03/2021 | BANK OF AMERICA INTERCHNG 372747297888 | $1,091.51 | | $197,848.73 |
| 03/03/2021 | CHECK # 5441 | $172.26 | | $197,676.47 |



EQUAL HOUSING LENDER   Member **FDIC**

# FIRST BUSINESS-XXX5277 (continued)

## Account Activity (continued)

| Post Date | Description | Debits | Credits | Balance |
|-----------|-------------|-------:|--------:|--------:|
| 03/04/2021 | BANK OF AMERICA DEPOSIT 372747297888 | $264.81 | | $197,411.66 |
| 03/05/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $709.29 | $198,120.95 |
| 03/05/2021 | AMERICAN EXPRESS AXP DISCNT XXXXXX9485 | $13.37 | | $198,107.58 |
| 03/08/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $618.29 | $198,725.87 |
| 03/08/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $1,671.69 | $200,397.56 |
| 03/08/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $9,043.48 | $209,441.04 |
| 03/08/2021 | WIRE TRANSFER & FEE | $6,025.00 | | $203,416.04 |
| 03/08/2021 | XX0243 POS PURCHASE 03/08 14:03 DOLLAR TREE BEMIDJI MN 51969001 042356 | $16.18 | | $203,399.86 |
| 03/09/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $420.47 | $203,820.33 |
| 03/09/2021 | MINNESOTA ENERGY PAYMENT 050762810100001 | $1,055.43 | | $202,764.90 |
| 03/09/2021 | MN DEPT OF REVEN MN Rev pay 000000091154277 | $3,660.27 | | $199,104.63 |
| 03/09/2021 | MN DEPT OF REVEN MN Rev pay 000000091169548 | $6,365.30 | | $192,739.33 |
| 03/09/2021 | MN DEPT OF REVEN MN Rev pay 000000091139993 | $6,536.00 | | $186,203.33 |
| 03/09/2021 | MN DEPT OF REVEN MN Rev pay 000000091169417 | $8,881.21 | | $177,322.12 |
| 03/10/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $741.00 | $178,063.12 |
| 03/10/2021 | XX0243 POS PURCHASE 03/08 20:25 MENARDS BEMIDJI BEMIDJI MN 72967417 348709 | $135.80 | | $177,927.32 |
| 03/10/2021 | CHECK # 5437 | $4,069.80 | | $173,857.52 |
| 03/11/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $1,357.92 | $175,215.44 |
| 03/11/2021 | XX0243 POS PURCHASE 03/10 22:31 DACOTAH PAPER FARGO ND 30051417 462136 | $825.69 | | $174,389.75 |
| 03/12/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $686.21 | $175,075.96 |
| 03/12/2021 | XX0243 POS PURCHASE 03/11 20:45 ARLO TECHNOLOGIE 408-638-3750 CA 55405649 586249 | $9.99 | | $175,065.97 |
| 03/15/2021 | DLY QPY CR CORP LODG CON 3 71397 - THE HOTEL BEMIDJI\ | | $65.42 | $175,131.39 |
| 03/15/2021 | AMERICAN EXPRESS SETTLEMENT XXXXXX9485 | | $135.31 | $175,266.70 |
| 03/15/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $1,969.11 | $177,235.81 |
| 03/15/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $6,044.48 | $183,280.29 |
| 03/15/2021 | OVERNITE CHK PMT OVERNTFEE CKF328522216POS | $19.95 | | $183,260.34 |
| 03/15/2021 | INTUIT INC SOFTWARE 7609648 | $70.00 | | $183,190.34 |
| 03/16/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $1,314.99 | $184,505.33 |
| 03/16/2021 | CHECK # 5432 | $563.56 | | $183,941.77 |
| 03/16/2021 | CHECK # 5436 | $49.85 | | $183,891.92 |
| 03/17/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $72.04 | $183,963.96 |
| 03/17/2021 | XX0243 POS PURCHASE 03/15 21:36 THE HOME DEPOT # BEMIDJI MN 89041376 178502 | $63.45 | | $183,900.51 |
| 03/17/2021 | AUTO-OWNERS INS. PREM CBXXXXX6106 | $197.52 | | $183,702.99 |
| 03/17/2021 | ASSET HR INC Payroll 86956 | $8,533.59 | | $175,169.40 |
| 03/17/2021 | CHECK # 5435 | $807.00 | | $174,362.40 |
| 03/18/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $98.01 | $174,460.41 |
| 03/18/2021 | WEK DRF DB CORP LODG CON 4 71397 - THE HOTEL BEMIDJI\ | $1.96 | | $174,458.45 |
| 03/18/2021 | CHECK # 995253 | $1,500.00 | | $172,958.45 |
| 03/19/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $112.81 | $173,071.26 |
| 03/19/2021 | MISCELLANEOUS DEBIT | $17,025.00 | | $156,046.26 |
| 03/19/2021 | MISCELLANEOUS DEBIT | $59,075.00 | | $96,971.26 |
| 03/22/2021 | AMERICAN EXPRESS SETTLEMENT XXXXXX9485 | | $20.00 | $96,991.26 |
| 03/22/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $45.00 | $97,036.26 |
| 03/22/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $743.40 | $97,779.66 |
| 03/22/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $8,043.75 | $105,823.41 |
| 03/22/2021 | WIRE TRANSFER TO BALJINDER SANDHU | $25,025.00 | | $80,798.41 |

# FIRST BUSINESS-XXX5277 (continued)

## Account Activity (continued)

| Post Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 03/22/2021 | XX0243 POS PURCHASE 03/18 22:22 MENARDS BEMIDJI BEMIDJI MN 76886991 740128 | $122.30 | | $80,676.11 |
| 03/22/2021 | XX0243 POS PURCHASE 03/19 23:02 TARGET 00 BEMIDJI MN 08014446 366513 | $138.62 | | $80,537.49 |
| 03/22/2021 | CHECK # 5425 | $686.41 | | $79,851.08 |
| 03/22/2021 | CHECK # 5428 | $86.00 | | $79,765.08 |
| 03/22/2021 | CHECK # 5430 | $852.12 | | $78,912.96 |
| 03/22/2021 | CHECK # 5433 | $176.64 | | $78,736.32 |
| 03/23/2021 | AMERICAN EXPRESS SETTLEMENT XXXXXX9485 | | $232.72 | $78,969.04 |
| 03/23/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $1,153.12 | $80,122.16 |
| 03/23/2021 | CHECK # 5426 | $958.10 | | $79,164.06 |
| 03/23/2021 | CHECK # 5429 | $314.53 | | $78,849.53 |
| 03/24/2021 | AMERICAN EXPRESS SETTLEMENT XXXXXX9485 | | $217.52 | $79,067.05 |
| 03/24/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $355.06 | $79,422.11 |
| 03/24/2021 | CHECK # 5434 | $864.49 | | $78,557.62 |
| 03/25/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $751.75 | $79,309.37 |
| 03/25/2021 | XX0243 POS PURCHASE 03/24 19:02 AMAZON.COM* 9Y8X2 SEATTLE WA 00000101 5ZSCQY9KOJ7 | $104.70 | | $79,204.67 |
| 03/25/2021 | HPFSERVI4 7603 Lease Pmt XXXXX1737 | $511.26 | | $78,693.41 |
| 03/26/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $100.00 | $78,793.41 |
| 03/26/2021 | XX0243 POS PURCHASE 03/25 04:49 TARGET 00 BEMIDJI MN 07814616 687081 | $16.39 | | $78,777.02 |
| 03/26/2021 | CHECK # 5424 | $172.26 | | $78,604.76 |
| 03/26/2021 | CHECK # 5427 | $35.00 | | $78,569.76 |
| 03/29/2021 | AMERICAN EXPRESS SETTLEMENT XXXXXX9485 | | $115.31 | $78,685.07 |
| 03/29/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $221.87 | $78,906.94 |
| 03/29/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $398.98 | $79,305.92 |
| 03/29/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $5,011.80 | $84,317.72 |
| 03/30/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $1,658.77 | $85,976.49 |
| 03/31/2021 | BANK OF AMERICA DEPOSIT 372747297888 | | $310.92 | $86,287.41 |
| 03/31/2021 | XX0243 POS PURCHASE 03/30 23:06 TARGET 00 BEMIDJI MN 16203657 626239 | $21.29 | | $86,266.12 |
| 03/31/2021 | 03292021IM SHIFT4-DEBITS 0001261994 | $75.00 | | $86,191.12 |
| 03/31/2021 | WESTGUARD INS CO INS PREM GLWC115732 | $679.01 | | $85,512.11 |
| **03/31/2021** | **Ending Balance** | | | **$85,512.11** |

## Checks Cleared

| Check Nbr | Date | Amount | Check Nbr | Date | Amount | Check Nbr | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 5424 | 03/26/2021 | $172.26 | 5430 | 03/22/2021 | $852.12 | 5437 | 03/10/2021 | $4,069.80 |
| 5425 | 03/22/2021 | $686.41 | 5432* | 03/16/2021 | $563.56 | 5441* | 03/03/2021 | $172.26 |
| 5426 | 03/23/2021 | $958.10 | 5433 | 03/22/2021 | $176.64 | 5442 | 03/01/2021 | $269.00 |
| 5427 | 03/26/2021 | $35.00 | 5434 | 03/24/2021 | $864.49 | 5446* | 03/01/2021 | $86.00 |
| 5428 | 03/22/2021 | $86.00 | 5435 | 03/17/2021 | $807.00 | 995253* | 03/18/2021 | $1,500.00 |
| 5429 | 03/23/2021 | $314.53 | 5436 | 03/16/2021 | $49.85 | | | |

* Indicates skipped check number

## Overdraft and Returned Item Fees

| | Total for this period | Total year-to-date |
|---|---|---|
| **Total Overdraft Fees** | $0.00 | $0.00 |
| **Total Returned Item Fees** | $0.00 | $0.00 |

0  $17,025.00  3/19/2021

0  $59,075.00  3/19/2021



5424  $172.26  3/26/2021

5425  $686.41  3/22/2021



5426  $958.10  3/23/2021

5427  $35.00  3/26/2021





5428  $86.00  3/22/2021

5429  $314.53  3/23/2021



5430   $852.12   3/22/2021



5432   $563.56   3/16/2021



5433   $176.64   3/22/2021



5434   $864.49   3/24/2021



5435   $807.00   3/17/2021



5436   $49.85   3/16/2021



5437   $4,069.80   3/10/2021

5441   $172.26   3/3/2021

**5442 $269.00 3/1/2021**

| | | The Hotel Bemidji | First National Bank Bemidji | 5442 |
| --- | --- | --- | --- | --- |

The Hotel Bemidji
2422 Ridgeway Ave NW
Bemidji, MN 56601

02/22/2021

PAY TO THE ORDER OF   Hotel Effectiveness Solutions LLC     $ 269.00

Two hundred sixty-nine and 00/100********************** DOLLARS

Hotel Effectiveness Solutions LLC
PO Box 766539
Roswell, GA  30076

MEMO

⑈005442⑈     5 277⑈

**5446 $86.00 3/1/2021**

| | | The Hotel Bemidji | First National Bank Bemidji | 5446 |
| --- | --- | --- | --- | --- |

The Hotel Bemidji
2422 Ridgeway Ave NW
Bemidji, MN 56601

02/22/2021

PAY TO THE ORDER OF   Paul Bunyan Mini Storage     $ 86.00

Eighty-six and 00/100********************** DOLLARS

Paul Bunyan Mini Storage
3050 Irvine Ave. NW
Bemidji, MN 56601

MEMO

⑈005446⑈     5 277⑈

**995253 $1,500.00 3/18/2021**



Account: CUST ID-663

PLEASE POST THIS PAYMENT FOR OUR MUTUAL CUSTOMER

$1,500.00

123/912

Please Direct Any Questions To
(800) 243-9508
Online Bill Payment Processing Center

GLOW II LLC
651 HAMMOND ST CR
SACRAMENTO, CA 95835

FIRST NATIONAL BANK

0000995253

March 15, 2021

MEMO: 7th Pymnt of Bal.

DOLLARS

Pay  ONE THOUSAND FIVE HUNDRED AND 00/100      $ *****1,500.00

TO THE ORDER OF
ALWAYS THERE STAFFING- BEMIDJI
2522 HANNAH AVE NW
BEMIDJI, MN 56601-2110

Void After 180 DAYS
Signature On File
This check has been authorized
by your depositor

⑈995253⑈     5 277⑈